Ernest INGENITO, Appellant,

v.

The STATE OF NEW JERSEY.

No. 11968.

United States Court of Appeals
Third Circuit.

Submitted Nov. 6, 1956.

Decided Nov. 19, 1956.

Ernest Ingenito filed a brief, pro se.

Guy Lee, Jr., County Prosecutor, Gloucester County, Woodbury, N. J. and Rowland B. Porch, Asst. Prosecutor, Gloucester County, Woodbury, N. J., filed a brief, for appellee.

Before MARIS and KALODNER, Circuit Judges, and WORTENDYKE, District Judge.

PER CURIAM.

The appellant is serving a life sentence in the New Jersey State Prison following his conviction in 1951 of murder in the first degree in a court of that state for a homicide committed in 1950. He does not here attack that conviction. In 1956 he was convicted upon his pleas of non vult of murder in the first degree for four other homicides also committed in 1950. Upon each of these convictions he was sentenced to concurrent terms of life imprisonment. Contending that in the case of the last four convictions he was denied his constitutional right to a speedy trial the appellant filed a motion in the district court to "reverse the judgments below (which erred) and dismiss the indictments and set aside the sentences thereon." The district court treated the motion as an application for a writ of habeas corpus and denied it and this appeal followed.

The action of the district court was right for the reasons set out in the opinion filed by Chief Judge Forman, 146 F.Supp. 717, with which we are in complete accord. The district court had no power to review the action of the state court as requested by the appellant. Section 1343 of title 28, United States Code, upon which he relies in this court furnishes no support for any such action by a federal district court.

His only remedy in the federal courts is by writ of habeas corpus and that remedy, as the district court properly pointed out, is not available to him unless if successful in his contentions he would be entitled to immediate release. Here he does not attack the conviction of 1951 under which he is presently serving a life term of imprisonment and he must, therefore continue to serve that term of imprisonment even if his contentions with respect to his later convictions are correct, a matter which we do not consider.

The order of the district court will be affirmed.