No. 43,266

ARLEY C. BROWNING, *Petitioner,* v. SHERMAN CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(377 P. 2d 179)

Opinion filed December 8, 1962.

*Arely C. Browning* was on the briefs *pro se.*

*Harold A. Pfalzgraf,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, and *Park McGee,* assistant attorney general, were with him on the briefs for the respondent.

The opinion of the court was delivered by

JACKSON, J.: Petitioner, who is an inmate of the state penitentiary, has previously been before this court and the federal courts. He now brings a petition for an original writ of habeas corpus in this court. It is quite apparent that petitioner has no valid question raised as to his incarceration, and that many of the matters he attempts to include have already been treated in former decisions of this court or of the federal court.

It will be seen from the record that petitioner was convicted of seven counts all involving felonies in the district court for Sedgwick county and that he was sentenced on the first count involving first degree robbery to life imprisonment under G. S. 1949, 21-107a, since it was further shown that he had been convicted of two prior felonies—one in the state of Missouri and one in the state of Oklahoma. It further appears that he was sentenced to fifteen years imprisonment on four other counts involving first degree robbery and also was given one to five years imprisonment on two other counts for unlawful possession of firearms. It may be noted that these sentences were ordered to run concurrently and not consecutively.

One of the grounds now sought in the present action is based upon the consolidating of the seven counts in the above trial. However, this was dealt with and affirmed on appeal from the con-

viction in *State v. Browning*, 182 Kan. 244, 320 P. 2d 844, appeal dismissed 356 U. S. 583, 2 L. Ed. 2d 1063, 78 S. Ct. 1002.

Petitioner was before this court again in an original petition for habeas corpus in which much of the same material is found as now appears in the present action, see *Browning v. Hand*, 184 Kan. 365, 336 P. 2d 409, certiorari denied, 361 U. S. 926.

Petitioner also seems to have filed a petition before the federal district court for the district of Kansas in a case entitled *Browning v. Hand, Warden*, No. 3226 H. C., which is unreported, but the journal entry of judgment is attached to the abstract of the attorney general in the present case. It is stated that petitioner was found to have waived any questions of the legality of the evidence and the fact of illegal search by failing to object thereto at the time of his trial in the state court.

There is nothing more to recite in this matter. Petitioner has failed to show that he is entitled to a writ of habeas corpus and the writ is denied. It is so ordered.