Allen **GAILES** and James B. Faison

v.

Howard D. **YEAGER**, Warden of the New Jersey State Prison, and the State of New Jersey, Allen Gailes, Appellant.

No. 14361.

United States Court of Appeals Third Circuit.

Argued Sept. 20, 1963.

Decided Oct. 17, 1963.

Gerald R. Stockman, Princeton, N. J., for appellant.

William C. Brudnick, Asst. Prosecutor, County of Bergen, Hackensack, N. J. (Guy W. Calissi, Bergen County Prosecutor, Francis X. Burke, Assistant Prosecutor, Hackensack, N. J., on the brief), for respondent.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Petitioner Gailes, who is the sole appellant, on October 24, 1958 pleaded guilty to a series of accusations of offenses committed on August 8, 1958. These comprised two accusations for larceny, one accusation for malicious mischief, one accusation for breaking, entering and larceny, two accusations for armed robbery and one accusation for atrocious assault and battery while armed. On November 21, 1958, he was sentenced to prison for these crimes with the sentences, aggregating from 31 to 47 years, to run consecutively. Gailes is presently confined in the New Jersey State Prison at Trenton, New Jersey serving said sentences.

On August 15, 1958, petitioner was indicted for the murder of one Jacob Sayers on August 12, 1958. On November 21, 1958, petitioner's plea of non vult to this crime was accepted by the Bergen County Court, Law Division, State of New Jersey. Petitioner was sentenced to life imprisonment on this crime. It was stated very carefully and fully by the Court that such sentence "shall begin to run when all previous sentences [those above referred to] shall have been completed, the total of said sentences being not less than 31 years nor more than 47 years.".

Faison, who appears in the title of this cause as a petitioner with Gailes but who has not taken an appeal, was similarly accused in the armed robbery matters and indicted for the Sayers murder. He also pleaded guilty to the armed robbery and related accusations and non vult to the murder charge. He received identical sentences to Gailes. He, too, is serving the armed robbery sentences in the New Jersey State Prison.

In the spring of 1959, the petitioners applied to the Bergen County Court for writs of habeas corpus. They alleged that their constitutional rights had been violated in connection with the making and entry of their pleas of non vult to the charge of the Sayers murder. The Court dismissed the applications. The Superior Court of New Jersey, Appellate Division, affirmed this, State v. Faison, 64 N.J. Super. 232, 165 A.2d 814 (1960) and the United States Supreme Court denied certiorari, 368 U.S. 847, 82 S.Ct. 77, 7 L.Ed. 2d 45 (1961).

Petitioners then filed a petition for writ of habeas corpus in the court below, alleging that they had been denied due process of law in the Bergen County Court with respect to the indictments for the murder of Sayers. The court had a hearing on this and in a carefully considered opinion found that petitioners' allegations were without merit and dismissed the petition. Gailes took this appeal from that decision.

In the undisputed state of the record we do not and cannot reach the merits of this appeal. Appellant at this time is actually serving sentences for crimes unrelated to his murder conviction which sentences have many years to run. His sentence under the murder conviction will not commence until after those other sentences have been served.

The purpose of the writ of habeas corpus is to inquire into the legality of a present detention. Its only application is where the prisoner " * .* * is in cus-

tody in violation of the Constitution or laws or treaties of the United States * * *." 28 U.S.C. § 2241 (1958). The present confinement of appellant by the State of New Jersey because of his conviction and sentencing on the armed robbery crimes is admittedly lawful. The allegations of the petition herein have no connection with those offenses or proceedings regarding them. As we said in Ingenito v. State of New Jersey, 3 Cir., 238 F.2d 935, 936 (1956) "* * * he [appellant] must, therefore continue to serve that term of imprisonment even if his contentions with respect to his later convictions are correct, a matter which we do not now consider." See also McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960).

The appeal will be dismissed.