**Arley C. BROWNING, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

No. 7502.

United States Court of Appeals Tenth Circuit.

Feb. 11, 1964.

Rehearing Denied March 5, 1964.

John Kintzele, Denver, Colo., for appellant.

Park McGee, Asst. Atty. Gen., of Kansas (William M. Ferguson, Atty. Gen. of Kansas, and Arthur E. Palmer, Asst. Atty. Gen. of Kansas, on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Browning is a most persistent applicant for post-conviction relief. In a Kansas state court he was charged with seven felony offenses, found guilty of each by a jury, and sentenced on each. On direct appeal the conviction was affirmed. State v. Browning, 182 Kan. 244, 320 P.2d 844, appeal dismissed 356 U.S. 583, 78 S.Ct. 1002, 2 L.Ed.2d

1063. Thereafter he brought a series of state and federal habeas corpus proceedings. See Browning v. Hand, 184 Kan. 365, 336 P.2d 409, certiorari denied 361 U.S. 926, 80 S.Ct. 295, 4 L.Ed.2d 240; Browning v. Hand, No. 41765, Supreme Court of Kansas (not reported); Browning v. Hand, 10 Cir., 284 F.2d 346, certiorari denied 369 U.S. 821, 82 S.Ct. 833, 7 L.Ed.2d 786; Browning v. Hand, No. 3226 H.C., United States District Court for the District of Kansas (not reported, no appeal perfected); Browning v. Kansas, 371 U.S. 806, 83 S.Ct. 87, 9 L.Ed.2d 89; Browning v. Crouse, 190 Kan. 632, 377 P.2d 179; and Browning v. Crouse, No. 1505 H.C., District Court of Leavenworth County, Kansas (not reported).

On the habeas corpus which is the subject of this appeal, the trial court held a hearing with the appellant present in person and with appointed counsel. The trial court made comprehensive findings of fact and conclusions of law which were later amended.

Appellant was charged with and convicted of four counts of robbery in the first degree,[1] one count of attempted robbery in the first degree,[2] and two counts of possession of a pistol after having been convicted of a felony.[3] Upon a showing of two prior felony convictions appellant was sentenced as an habitual criminal[4] to a term of life on one robbery count. On the other three robbery counts and on the attempted robbery count he was sentenced to 15-year terms.[5] On the two counts for possession of a pistol he was sentenced to terms of one to five years.[6] All sentences, including the life sentence, were to run concurrently. Throughout the entire state-court trial, the appellant was represented by retained counsel.

The first point raised is that the life sentence as an habitual criminal is void because the two prior felony convictions, on which the habitual criminal incarceration is based, were violative of appellant's constitutional rights because he was not advised of his right to, or permitted to have, the assistance of counsel.[7] The trial court found that in the first of these, a 1943 Missouri conviction when appellant was 17 years of age, he was neither furnished counsel nor advised of his constitutional rights. The court also found that in the second, a 1950 Oklahoma conviction, he was advised of his constitutional rights and of his right to be represented by counsel and did not request counsel.

We need not concern ourselves at this time with the validity of either the Missouri or Oklahoma convictions. On three counts charging robbery, appellant was sentenced January 2, 1957, to concurrent 15-year terms. The trial court found that under the "Rules and Regulations of the Kansas Prison Board" appellant could not be released from this sentence until he has served at least eight years and eleven months. The finding is not contested.

McNally v. Hill, Warden, 293 U.S. 131, 135, 55 S.Ct. 24, 79 L.Ed. 238, holds that when the detention of a habeas petitioner is lawful under the sentence on one count, there is no occasion for inquiry into the validity of his conviction under another count.[8] Although McNally concerned a federal prisoner, the rule is applicable to federal habeas proceedings for the release of a prisoner held under a state judgment because the federal courts have no greater habeas powers when considering the applications of state prisoners. The present deten-

---

1. G.S.Kan.1949, 21–527.

2. G.S.Kan.1949, 21–101, 21–527.

3. G.S.Kan.1957 Supp. 21–2611.

4. G.S.Kan.1949, 21–107a, 21–109.

5. G.S.Kan.1949, 21–530 (first degree robbery); G.S.Kan.1949, 21–101 (attempt).

6. G.S.Kan.1957 Supp. 21–2611.

7. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41; and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158.

8. See also United States v. Pridgeon, 153 U.S. 48, 62–63, 14 S.Ct. 746, 38 L.Ed. 631; McGann v. Taylor, 10 Cir., 289 F. 2d 820, 821, certiorari denied 368 U.S. 904, 82 S.Ct. 182, 7 L.Ed.2d 98.

tion under the sentence on the robbery counts is valid. The sentence as an habitual criminal is separable.[9] To review the habitual criminal sentence at this time would depart from the consistent federal practice of refusing to review habeas corpus questions which do not concern the lawfulness of the detention.[10]

Appellant says that illegally seized evidence was used against him. The record leaves us in doubt whether this point was raised below. The findings of the trial court do not mention the point and no objection is made on account of such failure. It does appear without question that the point was raised in a prior habeas application.[11] After a hearing at which the prisoner was present with appointed counsel, the court held that the record disclosed no objection because of an illegal search at the time of the offer of the evidence and denied relief.[12] This prior adverse determination of the same point on the merits after hearing does away with the need for re-examination at this time.[13] The decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, does not eliminate the necessity of raising the point of illegal seizure in the original trial.

Objection is also made that appellant's constitutional rights were violated by the admission in evidence of the prior Oklahoma conviction. This was necessary to prove the counts relating to possession of a pistol after conviction of a felony. Further the appellant put his character in issue and, testifying in his own defense, admitted both the Missouri and Oklahoma convictions. Our attention is directed to nothing which indicates that appellant did not have a fair trial.

Affirmed.

---

9. See McKinney v. Finletter, 10 Cir., 205 F.2d 761, 763.

10. See McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238.

11. Browning v. Hand, No. 3226 H.C., United States District Court for the District of Kansas.

12. Cf. Segurola v. United States, 275 U.S. 106, 111–112, 48 S.Ct. 77, 72 L.Ed. 186.

13. See 28 U.S.C. § 2244; and Sanders v. United States, 373 U.S. 1, 15, 18, 83 S.Ct. 1068, 10 L.Ed.2d 148.