**UNITED STATES of America ex rel. Harold KONIGSBERG, Appellant,**

**v.**

**Warden Henry B. McFARLAND, Hudson County Jail, Jersey City, N. J.**

**No. 15186.**

United States Court of Appeals Third Circuit.

Argued June 8, 1965.

Decided July 14, 1965.

Michael A. Querques, Orange, N. J. (Querques & Isles, Orange, N. J., on the brief), for petitioner appellant.

David M. Satz, Jr., U. S. Atty., Newark, N. J. (Paul Nejelski, Asst. U. S. Atty., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.

BIGGS, Chief Judge.

The court below was without jurisdiction to entertain the relator's petition for habeas corpus.

The petition, filed November 16, 1964, alleges that at that time the relator was confined to the Hudson County jail by virtue of a sentence imposed on him by the Hudson County Court of the State of New Jersey. According to the allegations of the petition, the sentence would expire on November 19, 1964. The petition further alleges in substance that a sentence of ten years' imprisonment had been imposed on him by the court below for unlawful possession of goods stolen from interstate commerce in violation of 18 U.S.C. § 659 [1] and that the United States Marshal had filed a detainer against the relator with the Warden of the Hudson County jail. The Warden is named as the respondent in this petition.

The contention of the relator is that he had begun serving his federal sentence when that sentence was illegally interrupted by the order of the court below remitting him to the state authorities in order that he might serve two sentences, one of which we have referred to above, imposed by tribunals of the State of New Jersey, and that therefore the United States has forfeited its right to execute any remaining part of his ten year sentence.

The court below on November 18, 1964, anticipating that the relator's confinement under the last sentence of the State of New Jersey would terminate on November 19, 1964, without a full hearing,[2] handed down an opinion and an order denying the relator the writ sought by him. These, handed down one day before the relator was to be released from the Hudson County jail, were anticipatory, and were in the nature of an advisory opinion and judgment. The relator was in the custody of the Warden pursuant to a sentence imposed upon him by the state courts. Nonetheless he was attempting to attack the anticipatory federal custody which had not yet recommenced. Habeas corpus challenges only present custody and a federal court has no power to examine the validity of a future detention under its habeas corpus powers. Palumbo v. State of New Jersey, 334 F.2d 524, 525–526 (3 Cir. 1964); Gailes v. Yeager, 324 F.2d 630 (3 Cir. 1963); Ingenito v. State of New Jersey, 238 F.2d 935 (3 Cir. 1956), cert. denied, 352 U.S. 1014, 77 S.Ct. 576, 1 L.Ed.2d 560 (1957).

Although the court below did not dismiss the petition for habeas corpus on the grounds we have set out, it is well established that an appellate tribunal will affirm a correct decision below even though that decision was based on different grounds. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937); United States v. Rose, 346 F.2d 985 (3 Cir. 1965). Consequently, the order of the court below dismissing the petition will be affirmed.

1. The judgment of conviction was affirmed by this court, 3 Cir., 336 F.2d 844, cert. denied, 379 U.S. 933, 85 S.Ct. 334, 13 L. Ed.2d 344 (1964).

2. We note that the court below based its decision in part on an election, allegedly signed by the relator, not to serve his federal sentence. The relator seems to contend that he never executed such an election, and it appears to be conceded by the United States that the relator was not given an opportunity to contest its validity. Since we do not decide the case at bar on this issue it seems unnecessary to develop this matter further.