**UNITED STATES of America ex rel. John H. SULLIVAN, Appellant,**

v.

**CHIEF PROBATION OFFICER OF the QUARTER SESSIONS COURT and Commonwealth of Pennsylvania et al.**

**No. 15869.**

United States Court of Appeals
Third Circuit.

Submitted Nov. 28, 1966.

Decided Feb. 13, 1967.

██

John H. Sullivan, pro se.

Michael J. Rotko, Asst. Dist. Atty., Arlen Specter, Dist. Atty., Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, Pa., for appellees.

Before SMITH, FREEDMAN and SEITZ, Circuit Judges.

PER CURIAM.

In March of 1965, the appellant was tried and convicted on an indictment (Bill No. 1085) charging him with corrupting the morals of a minor. He was thereupon sentenced to a term of imprisonment of not less than six nor more than twenty-three months. In May of 1966, he was tried and convicted on an indictment (Bill No. 941), charging him with assault with intent to ravish. He was thereupon sentenced to a term of imprisonment of two and a half to five years, which he is now serving.

The matter came before the court below on a petition for habeas corpus in which the appellant challenged the validity of his first conviction on several grounds which were not raised in any State court proceeding. The present appeal is from the dismissal of the said petition. The failure of the appellant to exhaust his State remedies aside, the court below lacked jurisdiction. The remedy of habeas corpus is available only to attack the legality of a sentence under which a petitioner is in custody. United States ex rel. Konigsberg v. McFarland, 348 F.2d 215 (3rd Cir. 1965); Gailes v. Yeager, 324 F.2d 630 (3rd Cir. 1963); Browning v. Crouse, 327 F.2d 529 (10th Cir. 1964). The remedy is not available to review questions not related to the cause of detention. Ibid.

The judgment of the court below will be affirmed.