**Sheldon LEVICK, Appellant,**

**v.**

**Bennie G. SMEDLEY, Correction Superintendent, State Correctional Center, Anchorage, Appellee.**

**No. 2539.**

Supreme Court of Alaska.

Aug. 11, 1976.

Barbara J. Miracle and Brian Shortell, Anchorage, for appellant.

Ivan Lawner and Joseph D. Balfe, Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

BURKE, Justice.

This is an appeal from the judgment of the superior court denying a petition for a writ of habeas corpus.[1]

Sheldon Levick, appellant, was arrested at Anchorage, Alaska, on January 16, 1975. The record indicates that his arrest was based upon information received from the National Crime Information Center showing that Levick was wanted, as a parole vi-

---

1. AS 12.75.230 provides in part:
   A party to a proceeding by habeas corpus may appeal from the judgment of the court

refusing to allow the writ or a final judgment therein in like manner and with like effect as in an action.

olator, by the State of California. No Alaska warrant was issued prior to his arrest.

On January 17, 1975, a complaint was filed in the district court alleging, in part:

Sheldon Levick is charged on Warrant No. A75–766, State of California, with the crime of parole violation, that he has fled from the State of California, and that he is presently within the jurisdiction of the State of Alaska.

The complaint was signed by Corporal W. R. Kaufman, an Alaska State Trooper, under oath, before Roger B. Iverson, a notary public.

Levick was immediately arraigned on the complaint. At that time, the Governor of Alaska had not yet issued a warrant for his arrest, nor had the executive authority of the State of California requested his extradition. The district court remanded Levick to custody, pursuant to AS 12.70.-140 [2], for a period not to exceed thirty days.

On February 27, 1975, forty-two days after appellant's arrest, the State of Alaska filed an amended complaint containing identical language to that found in the original. The second complaint, however, was signed before a judge of the district court rather than a notary public.

Since there was still no extradition request from the State of California, nor any warrant issued by the Governor of Alaska, the district court granted the State of Alaska's request for additional time for California to present its request for extradition, declaring that a sixty day period of incarceration would be allowed, such period to run from the date of appellant's arrest.[3] The court further stated that it would grant an additional ten day extension, if on March 17 the State of Alaska could affirmatively represent to the court that an extradition request from California had reached the State of Alaska.

On March 17, 1975, the State of Alaska represented to the court that such a request had finally been received and that the Governor of Alaska had signed a warrant for appellant's arrest, which was en route to Anchorage. The following day Levick was served with the Governor's warrant of arrest, thereafter remaining in custody under the authority of the governor's warrant.

Levick thereupon petitioned the superior court for a writ of habeas corpus, contending, in part, that he was entitled to be released because of illegality surrounding his arrest and subsequent detention. The superior court concluded that Levick was lawfully detained, by virtue of the governor's warrant, and denied the petition. This appeal followed.[4]

Appellant first argues that his arrest and subsequent detention was illegal because: (1) he was arrested without a warrant;

---

2. AS 12.70.140 provides in part:
   [The commitment of a fugitive from justice is authorized] for not more than 30 days, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused gives bail as provided in § 150 of this chapter, or until he is legally discharged. The commitment . . . shall be by a warrant which shall recite the following:
   
   (1) the accusation against him;
   (2) the fact that the commitment is for a time as will enable the arrest of the accused to be made under a warrant of the governor of this state; and

(3) that in any event the commitment shall be for not more than 30 days.

3. AS 12.70.160 provides in part:
   If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant . . . [issued under AS 12.70.140], a judge of the superior court or district judge may discharge him or recommit him for a further period of not more than 60 days. . . .

4. Upon the expiration of time permitted for the filing of all briefs, on June 30, 1976, this matter was taken under advisement without oral argument.

(2) AS 12.70.130[5] permits an arrest without a warrant only upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year; (3) the complaint filed against him charged only "the crime of parole violation"; (4) under California law, violation of parole does not *ipso facto* subject the parolee to additional criminal penalties;[6] and, therefore, (5) there was no showing that appellant was charged with a crime punishable by imprisonment for a term exceeding one year.

Appellant's second argument is that his detention, prior to issuance of the governor's warrant of arrest, continued for a period in excess of that permitted by AS 12.-70.140.[7] Since the thirty day commitment period authorized by the statute, and the district court's original warrant issued thereunder, expired prior to his next appearance on February 27, 1975, Levick argues that the court had no authority to extent his commitment for an additional period of time under AS 12.70.160.[8]

We hold that the petition for a writ of habeas corpus was properly denied. When the petition was filed, and at all times thereafter, appellant was lawfully detained by virtue of the governor's warrant of arrest. The issue as to whether Levick was lawfully arrested in the first instance had become moot. *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192 (1967); *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849 (1964). *Cf. Roberts v. State,* 445 P.2d 674 (Alaska 1968). Likewise, the fact that he may have been detained for several days beyond the thirty day commitment period authorized by AS 12.70.140, prior to issuance of the governor's warrant, did not entitle Levick to be released on a writ of habeas corpus. Once the governor's warrant

was filed issues relating to any delay in consummating the extradition proceedings also became moot. *People ex rel. Vasquez v. Pratt,* 24 Ill.App.3d 927, 322 N.E.2d 74 (1975).

The judgment of the superior court is affirmed.

AFFIRMED.

---

5. AS 12.70.130 provides in part:

> The arrest of a person may . . . be lawfully made . . . without a warrant upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year, . . .

6. Citing Cal.Pen.C. §§ 3060 *et seq.*

