Robert BISHOP, Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Appellee.

No. A–169.

Court of Appeals of Alaska.

July 27, 1984.

Joseph A. Kalamarides, Anchorage, for appellant.

Allen M. Bailey, Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for amicus curiae, Alaska Public Defender Agency.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for amicus curiae, State of Alaska.

Before BRYNER, C.J., COATS and SIN-GLETON, JJ.

## OPINION

SINGLETON, Judge.

This is an appeal from the denial of relief under Alaska Rule of Criminal Procedure 35(a).[1] Robert Bishop was convicted of driving while intoxicated. AMC 9.28.-020(A). The trial court found that Bishop had a particularly bad driving record and sentenced him to 360 days' incarceration. Bishop did not appeal his sentence. Anchorage does not maintain a prison for those convicted of municipal offenses. It contracts with the state of Alaska to lodge and supervise its convicts. *See Dwyer v. State*, 449 P.2d 282 (Alaska 1969) (discussing legality of one government contracting with another to house the former's prisoners). Bishop will therefore serve his term in a state facility.

Bishop sought reduction of his sentence pursuant to Criminal Rule 35(a). Bishop based his claim on AS 33.15.180, which entitles state prisoners serving a sentence of more than 180 days to parole consideration.[2] He argued that his sentence was "illegal" because it rested, in part, on an implicit assumption that he would be eligible for parole to the same extent as a person serving the same term for a violation of AS 28.35.030, the state statute punishing driving while intoxicated, which is virtually identical to AMC 9.28.020(A). In fact, Bishop contends, the state parole

board has interpreted AS 33.15.180 to exclude prisoners in state institutions who were convicted of municipal offenses. Bishop argues that the disparate treatment given those convicted of municipal offenses in comparison with those convicted of nearly identical state offenses deprives him of due process and equal protection of the law. He concludes that his sentence was therefore illegal or, at the very least, excessive. Bishop argues that his ineligibility for parole left the trial court with three options: (1) to reduce his sentence below 180 days, the minimum term entitling state prisoners to parole consideration; (2) to reduce his sentence unless the parole board gave him a hearing; or (3) to order the parole board to give him a hearing.

Judge Mason denied the Rule 35(a) motion. He recognized possible state and federal constitutional problems presented by the way the parole system was administered. Nevertheless, he determined that Bishop's sentence was neither illegal nor excessive. Judge Mason reasoned that he had not considered Bishop's eligibility for parole in sentencing him and that he did not believe someone with Bishop's poor driving record should be paroled. He assumed that the parole board would reach the same conclusion and deny parole even if Bishop were granted a hearing. He therefore concluded that Bishop's ineligibility for parole would not warrant a reduced sentence. Bishop appeals.

1. Alaska Rule of Criminal Procedure 35(a) provides:

 The court may correct an illegal sentence at any time.

 The court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after receipt by the court of either a mandate issued upon affirmance of the judgment or an order of dismissal of the appeal, or within 120 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief. The court shall retain jurisdiction under this paragraph notwithstanding the pendency of an appeal. If such a motion is filed during the pendency of a sentence appeal, the proceedings on that sentence appeal shall be automatically stayed upon the filing of a copy of the

 motion with the court in which the sentence appeal is pending. The stay shall remain in effect until the motion is decided.

2. AS 33.15.180 provides, in pertinent part:

 *Persons eligible for parole.* (a) A state prisoner other than a juvenile delinquent, wherever confined and serving a definite term of over 180 days or a term the minimum of which is at least 181 days, and who is not imprisoned in accordance with [presumptive sentencing], whose record shows that the prisoner has observed the rules of the institution in which the prisoner is confined, may, in the discretion of the board, be released on parole, subject to the limitations prescribed in AS 33.15.-080 and 33.15.230(a)(1).

We affirm Judge Mason's denial of relief under Alaska R.Crim.P. 35(a). We agree with Judge Mason's conclusions that the rule was not intended to provide a remedy for Bishop's complaints. Finally, we conclude that the district court lacks jurisdiction to decide challenges to the parole board's interpretation of AS 33.15.180 and to the constitutionality of the statute as interpreted. Such challenges must be brought in the superior court. Our decision does not prejudice Bishop's right to pursue his claim in the superior court.

## DISCUSSION

Criminal Rule 35(a) speaks to two distinct matters. First, it provides a procedure for correcting an illegal sentence, and, second, it authorizes the court to reduce a lawful sentence if on further reflection the court believes that it was excessive. *See* 3 C. Wright, *Federal Practice and Procedure: Criminal* § 581 (2d ed. 1982).

 The term "illegal sentence" has been narrowly construed. *See Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417, 422 (1962).[3] It applies only to sentences which the judgment of conviction did not authorize. *See United States v. Morgan*, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248, 253–54 (1954). Examples of illegal sentences would be (1) a sentence that was contrary to the applicable statute, *i.e.*, in excess of the statutory penalty, *Shagloak v. State*, 582 P.2d 1034, 1037 (Alaska 1978); (2) a written judgment not conforming to the oral pronouncement of sentence; or, (3) "a

sentence that is ambiguous with respect to the time and manner in which it is to be served." 3 C. Wright, *Federal Practice and Procedure: Criminal* § 582, at 381–82 (2d ed. 1982). Rule 35(a) does not permit consideration of matters outside the sentencing record, nor does it authorize a collateral attack on the proceedings which resulted in the sentence imposed. *Id.* at 385–86. Consequently, Bishop's inability to obtain a parole hearing subsequent to being sentenced did not render his original sentence "illegal." Alaska R.Crim.P. 35(a).

 We are also satisfied that Judge Mason did not abuse his discretion in denying Bishop relief under the second clause of Criminal Rule 35(a). Whether to reduce a legal sentence is an issue left to the sound discretion of the trial court. *Davis v. State*, 566 P.2d 640, 643 (Alaska 1977); *Hawley v. State*, 648 P.2d 1035, 1036 (Alaska App.1982). It is not an abuse of discretion to refuse to consider parole eligibility in determining an appropriate sentence. *Cf. Jackson v. State*, 616 P.2d 23, 24–25 (Alaska 1980) (trial judge should impose an appropriate term of incarceration on the assumption that the entire term will be served without parole). We agree with Judge Mason that parole eligibility is not a proper consideration in deciding a Rule 35(a) application. *See Rust v. State*, 584 P.2d 38 (Alaska 1978) (Criminal Rule 35(a) is not the appropriate procedural vehicle to seek relief from conditions within custodial institutions or to assert the civil rights of inmates).

---

**3.** In *Hill*, the court held that to obtain relief under the first clause of Federal Rule of Criminal Procedure 35(a), the sentence itself must be illegal, not the manner in which it was imposed. 368 U.S. at 430, 82 S.Ct. at 472, 7 L.Ed.2d at 422. The Court refused to apply Rule 35(a) to a claim that the defendant was denied allocution under Fed.R.Crim.P. 32(a). Four justices dissented and would have interpreted the phrase "illegal sentence" to include sentences imposed in an illegal manner. 368 U.S. at 430–35, 82 S.Ct. at 472–75, 7 L.Ed.2d at 422–25 (Justices Black, Warren, Douglas and Brennan dissenting). The federal rule was thereafter amended to expressly adopt the dissenting view. 3 C. Wright, Federal Practice and Procedure: Criminal § 585, at

396 (2d ed. 1982). Alaska Rule 35(a) has not been amended to permit attacks on sentences "illegally imposed." In Alaska, deprivation of the right to allocution is considered part of a sentence appeal. *Mohn v. State*, 584 P.2d 40, 44 (Alaska 1978).

Since Judge Mason specifically stated that he did not consider Bishop's eligibility for parole when he sentenced Bishop, Bishop's reliance on *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Lee*, 540 F.2d 1205 (4th Cir.1976), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); and *United States v. DeMier*, 520 F.Supp. 1160, 1167 (W.D.Mo.1981), *aff'd*, 671 F.2d 1200 (8th Cir.1982), is misplaced.

Bishop next argues that the trial court should have construed his motion as a request for an order directing the Division of Corrections to afford him a parole hearing. He cites *McGinnis v. Stevens*, 543 P.2d 1221, 1236 n. 45 (Alaska 1975)[4] for the proposition that trial courts have an obligation to inquire into allegations that fundamental constitutional rights of inmates are being abridged in disciplinary proceedings. In Bishop's view, *McGinnis* required the district court to consider Bishop's arguments regarding the interpretation of AS 33.15.180. If the court determined that the parole board properly interpreted the statute to exclude Bishop from consideration, Bishop argues that the court should have proceeded to hold the statute unconstitutional as applied, and directed the parole board to grant him a hearing.[5]

**4.** *McGinnis v. Stevens* was a class action for injunctive and declaratory relief brought in the superior court. 543 P.2d at 1224.

**5.** Bishop's claim that the district court should have ordered the parole board to grant him a hearing raises issues of first impression in this jurisdiction. We therefore requested the state Attorney General and Public Defender to appear as *amici curiae* and brief issues relating to (1) jurisdiction, (2) whether the state was a necessary party, (3) whether AS 33.15.180 does exclude municipal prisoners in state prisons and, if so, (4) whether it is constitutional.

**6.** Under federal law, a petition for habeas corpus might also be an appropriate remedy. *See Baskins v. Moore*, 362 F.Supp. 187, 189–91 (D.S. C.1973). Previously, the Alaska Supreme Court gave AS 12.75.010, the statute establishing jurisdiction to grant habeas corpus, a more limited reading. At the time it was interpreted by the supreme court, it provided "release from custody" as the only remedy following a successful petition for habeas corpus. Since Bishop is merely seeking a hearing before the parole board, and not immediate release, his claim may not fall within the more restrictive view of habeas corpus taken by the Alaska Supreme Court. *See Roberts v. State*, 445 P.2d 674, 676 (Alaska 1968) (habeas corpus does not lie to secure a judicial decision which, even if determined in the prisoner's favor, would not result in his immediate release). In *Roberts*, the court specifically distinguished federal cases which were more favorable to prisoners. 445 P.2d at 678. Subsequently, in response to *Roberts*, the legislature amended AS 12.75.010 to permit a court to give "another remedy as law and justice

The Municipality of Anchorage and the state argue that Bishop's only vehicles for challenging the parole board's interpretation of the statute are an independent civil action for an injunction and declaratory relief, AS 22.10.020, or a petition for habeas corpus, AS 12.75.010–.230. *See Rust v. State*, 584 P.2d at 39. The municipality and the state conclude that the district court lacks jurisdiction over such proceedings.

■ We hold that an action in the superior court for an injunction or declaratory relief is the appropriate procedure to obtain a remedy for Bishop's complaints.[6] The superior court is the court generally empowered to review administrative actions. AS 22.10.020.[7] *Cf.* AS 44.62.560(a) (judicial review of administrative agency decisions under the Administrative Procedure Act is

requires" when release is inappropriate. Ch. 49, § 1, SLA 1970. This was done in order to bring Alaska law in line with federal authorities. *See* 1969 House Journal 870–71. Since we are satisfied that Bishop has an adequate remedy in an action for declaratory relief in the superior court, it is not necessary for us to determine whether, in the absence of such a remedy, he could also proceed by writ of habeas corpus.

**7.** AS 22.10.020(a) provides, in relevant part:
The superior court is the trial court of general jurisdiction, with original jurisdiction in all civil and criminal matters, . . . . The jurisdiction of the superior court extends over the whole of the state. The superior court and its judges may issue injunctions, writs of review, mandamus, prohibition, habeas corpus and all other writs necessary or proper to the complete exercise of its jurisdiction. A writ of habeas corpus may be made returnable before any judge of the superior court. The superior court has jurisdiction in all matters appealed to it from a . . . administrative agency when appeal is provided by law.
AS 22.10.020(b) provides:
In case of an actual controversy within the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought. The declaration has the force and effect of a final judgment or decree and is reviewable as such. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against an adverse party whose rights have been determined by the judgment.

in the superior court). *But cf.* AS 33.15.-250 (the Administrative Procedure Act does not apply to the Parole Administration Act). We are satisfied that the legislature did not intend to empower the district court to hear complaints regarding eligibility for parole.

Actions for habeas corpus, for equitable relief, and for declaratory judgment are within the jurisdiction of the superior court. AS 22.10.020. The district court is specifically denied equitable jurisdiction, AS 22.15.050(2),[8] except to foreclose liens, AS 22.15.030(a)(9). While a district judge may issue a writ of habeas corpus, it must be made returnable before a judge of the superior court. AS 22.15.100(1).[9]

In *Rust v. State,* the supreme court reserved the question whether an inmate could challenge policies of the Division of Corrections in a motion for post-conviction relief under former Criminal Rule 35(b) (currently Rule 35(c)). 584 P.2d at 39–40 n. 3. We conclude that the district court

lacks jurisdiction over Rule 35(c) proceedings. It is therefore not necessary for us to determine whether Bishop's claims are covered by the rule.[10] A Rule 35(c) proceeding is an independent civil action in which Bishop would be the plaintiff and the state would be the defendant. *State v. Hannagan,* 559 P.2d 1059, 1062–63 (Alaska 1977). The district court is expressly denied jurisdiction over actions in which the state is a defendant. AS 22.15.050(2). Criminal Rule 35(c) is akin to the traditional petition for habeas corpus. *Hannagan,* 559 P.2d at 1063. As we have seen, a district court may issue a writ of habeas corpus but it must be returned and the issue decided in the superior court. AS 22.15.100(1). We therefore conclude that the district court would not have jurisdiction over Bishop's challenge to the parole board's interpretation of AS 33.15.180, or his claim that, as interpreted, AS 33.15.180 unconstitutionally deprived him of due process and equal protection. Our conclusion would be the same whether or not we

---

**8.** AS 22.15.050(2) provides, in pertinent part:
 The jurisdiction of the district court does not extend to
 (2) [actions] of an equitable nature (except as provided in AS 22.15.030(a)(9) [for the foreclosure of a lien when the amount in controversy does not exceed $10,000]) or actions in which the state is a defendant.

**9.** AS 22.15.100(1) provides:
 Each district judge and magistrate has the power
 (1) to issue writs of habeas corpus for the purpose of inquiring into the cause of restraint of liberty, returnable before a judge of the superior court, and the same proceedings shall be had on the writ as if it had been granted by the superior court judge under the laws of the state in such cases;

**10.** A finding that a proceeding for post-conviction relief encompasses a claim that a convict was unconstitutionally or illegally denied a parole hearing, and that the district court has jurisdiction over Criminal Rule 35(c) proceedings raising such a claim, would require us to consider Bishop's statutory interpretation and constitutional claims. If the district court had subject matter jurisdiction over the claim, Bishop's mislabeling a Criminal Rule 35(c) motion as a 35(a) motion would not justify denying him relief. *See Kelly v. Nix,* 329 N.W.2d 287, 290 (Iowa 1983). *See also Knaub v. State,* 443 P.2d 44, 46 n. 1 (Alaska 1968). *Cf. Copper Valley*

*Trading Co. v. Kratz,* 513 P.2d 1113, 1115 (Alaska 1973) (if a court has subject matter jurisdiction, it should provide the parties the relief to which they are entitled regardless of the way they label their pleadings).

With minor omissions, Alaska R.Crim.P. 35(c) incorporates the provisions of the Uniform Post-Conviction Procedure Act. 11 U.L.A. 485 (1974). *See Marrone v. State,* 653 P.2d 672, 675 n. 1 (Alaska App.1982); *Price v. State,* 647 P.2d 611, 614 n. 8 (Alaska App.1982). The Uniform Act has been interpreted to apply to misdemeanor convictions. *Wenck v. State,* 320 N.W.2d 567, 569 (Iowa 1982). The cases are in conflict, however, regarding the applicability of the act to complaints about (1) eligibility for parole, and (2) withholding of statutory good time and other alleged post-conviction violations of fundamental rights. *Compare Baskins v. Moore,* 362 F.Supp. 187, 191–93 (D.S.C.1973) (finding the South Carolina version of the act applicable to parole matters), *and State v. Ouimette,* 367 A.2d 704, 705–06 (R.I.1976) (applying Rhode Island version of the act), *with Allen v. State,* 217 N.W.2d 528, 531 (Iowa 1974) (prisoner complaining of illegal modification of statutory good time must seek a writ of habeas corpus and may not proceed under Iowa version of the Uniform Act). Iowa law was subsequently amended to specifically allow use of a proceeding for post-conviction relief under the Uniform Act on this basis. *Kelly v. Nix,* 329 N.W.2d at 290.

found such a claim to be encompassed within Alaska R.Crim.P. 35(c). *Accord Wenck v. State*, 320 N.W.2d 567, 569 (Iowa 1982). (Iowa version of the Uniform Act covers misdemeanor convictions but proceeding must be brought in court of general jurisdiction).

The judgment of the district court is AFFIRMED.[11]

---

11. AS 33.20.010 provides:

*Computation of Good Time.* Notwithstanding AS 12.55.125(f)(3) and (g)(3), each prisoner convicted of an offense against the state and sentenced to imprisonment, whose record of conduct shows that the prisoner has faithfully observed the rules of the institution in which the prisoner is confined, is entitled to a deduction from the term of imprisonment of one day for every three days of good conduct served.

It appears that Bishop has been awarded good time by the Division of Corrections. Therefore, neither Bishop nor the public defender as *amicus curiae* have addressed a municipal prisoner's eligibility for good time credit. The municipality takes the view that a plain reading of AS 33.15.180 and AS 33.20.010 indicates that Bishop, as a city prisoner, is not entitled to credit for good conduct. The state as amicus curiae agrees. The state points out that the Division of Corrections has changed its procedures and now denies good time credit to municipal prisoners. Should Bishop wish to challenge this interpretation, if it is applied to him, he should proceed by complaint for injunctive and declaratory relief in the superior court. We are satisfied that the district court would not have jurisdiction over this claim for the same reasons that it would not have jurisdiction over a claim relating to parole eligibility.