**UNITED STATES of America ex rel. Raymond Nehru ALI, Petitioner,**

**v.**

**Hon. John T. DEEGAN, Warden, Sing Sing Prison, Ossining, New York, Respondent.**

**No. 69 Civ. 125.**

United States District Court
S. D. New York.

Feb. 20, 1969.

Raymond Nehru Ali, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, Lillian Cohen, Asst. Atty. Gen., of counsel, for respondent.

## MEMORANDUM

TENNEY, District Judge.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his present incarceration in Sing Sing Prison, Ossining, New York, pursuant to a judgment of conviction, after trial by jury, rendered in the Supreme Court of the State of New York, Queens County (Farrell, J.). Therein, petitioner was convicted of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and was sentenced on February 17, 1967 to terms of 10 to 20 years, 5 to 10 years and 2½ to 5 years, respectively, to run concurrently. These sentences were also to run concurrently with a sentence of 2½ to 5 years imposed in the Supreme Court of the State of New York, Kings County (Helfand, J.) following a conviction on February 24, 1966 of robbery in the third degree. The Kings County conviction, however, is not in issue in the instant application.

The judgment of conviction rendered in Queens County was affirmed by the Appellate Division of the New York Supreme Court,[1] and leave to appeal to the New York Court of Appeals was denied.[2] Thereafter, petitioner's application for writ of habeas corpus to the Supreme Court, Westchester County, was denied[3] on the grounds that: 1) petitioner had failed to serve a copy of said application on the District Attorney of Queens County as required by Section 7009(a) of the Civil Practice Law and Rules; and 2) petitioner was then incarcerated pursuant to the concurrent sentence imposed in Kings County, which he did not attack. The denial of petitioner's application was affirmed by the Appellate Division,[4] and leave to appeal to the Court of Appeals was denied.

As reversible error, petitioner alleges that on October 10, 1965, while waiting to appear before the Supreme Court, Kings County, he was taken to the front of the courtroom and, standing alone, without the aid of counsel, identified by a complainant as the person who perpetrated the crimes for which he was later convicted in Queens County. Petitioner argues that this type of identification, a so-called "show-up", which led to his Queens County conviction, is "now illegal in this [S]tate because of its suggestive nature." This claim, however, is identical with that which was presented in a prior application for habeas corpus relief, and is still pending before Judge Ryan of this court. There being no new facts alleged, it would be improvident for

---

1. Pg. 2. People v. Ali, 29 A.D.2d 779, 287 N.Y.S.2d 899 (1968).

2. Pg. 2. Leave to appeal to the New York Court of Appeals was denied on May 2, 1968 by Judge Adrian P. Burke, Associate Judge of that court.

3. Pg. 2. People ex rel. Ali v. Deegan, Civil No. 69-125 (Sup.Ct., Oct. 16, 1967).

4. Pg. 2. People ex rel. Ali v. Deegan, 30 A.D.2d 917, 293 N.Y.S.2d 514 (1968).

me to consider such claim at this time. See 28 U.S.C. § 2244; Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Walker v. Taylor, 338 F.2d 945, 946 (10th Cir. 1964). Such duplication is no more justifiable than successive applications on the same issue or simultaneous applications in two different districts.

 As a second and third allegation, petitioner avers that the grounds upon which the Supreme Court of Westchester County dismissed his petition for writ of habeas corpus constitute reversible error. The remedy of habeas corpus, however, is available only to attack the legality of a sentence pursuant to which a petitioner is in custody. The remedy is not available to review questions unrelated to the cause of detention. 28 U.S.C. § 2241; Peyton v. Rowe, 391 U.S. 54, 55, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Walker v. Wainwright, 390 U.S. 335, 336–337, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968), rehearing denied, 390 U.S. 1036, 88 S.Ct. 1420, 20 L.Ed.2d 299 (1968); United States ex rel. Sullivan v. Chief Probation Officer, 373 F.2d 332 (3rd Cir. 1967). "Federal courts will entertain applications for writs of habeas corpus and discharge persons detained under a state court judgment and sentence only when that custody is in violation of the constitution or laws or treaties of the United States, and then only when all remedies afforded by appeal have been exhausted." Odell v. Hudspeth, 189 F.2d 300, 301 (10th Cir.), cert. denied, 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656 (1951).

 The dismissal of petitioner's application for writ of habeas corpus in the Supreme Court, Westchester County, and the subsequent affirmance of that dismissal have relevance herein only to the issue of exhaustion of State remedies. 28 U.S.C. § 2254. This prerequisite having been satisfied, I now turn to a consideration of the merits of petitioner's final allegations.

On April 27, 1966, petitioner was taken from Sing Sing Prison, where he was still serving the sentence imposed by the Supreme Court, Kings County, to the Queens County House of Detention. Five days later, petitioner was arraigned before a magistrate in the Queens County courthouse on the charges for which he was subsequently convicted. After several adjournments, to which petitioner objected, a preliminary hearing was held on June 30, 1966.[5] Petitioner, although alleging no prejudice, challenges both the delay of five days in bringing him before a magistrate[6] and the repeated adjournments of his preliminary hearing[7] as violative of his rights to due process of law under the Fourteenth Amendment to the Constitution.

 It is well settled that mere delay between the date of an arrest and the date on which an accused is first brought before a magistrate, without a showing by the petitioner that he was in some way prejudiced, will not yield a constitutional infirmity. Battle v. Peyton, 284 F.Supp. 645, 648–649 (W.D.Va. 1968). Excessive detention of an accused by state officers prior to arraignment is not, *per se*, violative of constitutional rights. Brown v. Allen, 344 U.S. 443, 476, 73 S.Ct. 397, 97 L.Ed. 469 (1953), rehearing denied, 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953); Grace v. Dickson, 294 F.2d 773 (9th Cir. 1961) (9–10 day delay between arrest

---

5. Pg. 5. Petitioner had not yet been indicted.

6. Pg. 5. N.Y.Code of Cr.Proc. § 165 (McKinney 1958) provides:
 "The defendant must in all cases be taken before the magistrate without unnecessary delay, and he may give bail at any hour of the day or night."

7. Pg. 5. N.Y.Code of Cr.Proc. § 191 (McKinney 1958) provides:
 "The examination must be completed at one session, unless the magistrate, for good cause shown, adjourn it. The adjournment cannot be for more than two days at each time, unless by consent or on motion of the defendant."

and arraignment); Kent v. United States, 272 F.2d 795, 798 (1st Cir. 1959); State of Louisiana ex rel. Weiymann v. Allgood, 250 F.Supp. 294, 296 (E.D.La.), aff'd, 367 F.2d 394 (5th Cir. 1966), cert. denied, 387 U.S. 923, 87 S.Ct. 2040, 18 L.Ed.2d 978 (1967) (19 day delay between arrest and arraignment); see United States v. Kaufman, 393 F.2d 172, 175 (7th Cir. 1968). A collateral attack upon a State court judgment and sentence cannot be sustained merely on the grounds of the failure of State officials to promptly arraign petitioner before a magistrate. Orcutt v. Wyoming, 308 F. 2d 61, 62 (10th Cir. 1962).

■■■■■ Further, constitutional due process of law does not require the holding of a preliminary hearing. United States v. Luxenberg, 374 F.2d 241, 247–248 (6th Cir. 1967); United States v. Mihalopoulos, 228 F.Supp. 994, 1001 (D. D.C.1964). As Judge Weinfeld stated in United States ex rel. Boone v. Fay, 231 F.Supp. 387, 390 (S.D.N.Y.1964), cert. denied, 380 U.S. 936, 85 S.Ct. 945, 13 L.Ed.2d 823 (1965): "Clearly the magistrate's preliminary proceeding is not of such critical nature so that what occurs there may prejudicially impinge upon or foreclose any defense or right in resistance to the charge upon a subsequent trial." It is only when State action or, in this instance, inaction offends basic principles of fundamental fairness that a violation of petitioner's rights to due process of law results. The Supreme Court has articulated the rule: [8]

"As to the 'due process of law' that is required by the Fourteenth Amendment, it is perfectly well settled that a criminal prosecution in the courts of a state, based upon a law not in itself repugnant to the Federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is 'due process' in the constitutional sense."

Accordingly, the application is in all respects denied and the writ is dismissed.

So ordered.

8. Frank v. Mangum, 237 U.S. 309, 325, 35 S.Ct. 582, 586, 59 L.Ed. 969 (1915).