**Raymond Wallace SHUMAN, Petitioner,**

v.

**Charles L. WOLFF, Jr., et al., Respondents.**

Nos. CIV–R–78–118–ECR, CIV–R–78–119–ECR.

United States District Court, D. Nevada.

March 24, 1982.

Daniel Markoff, Federal Public Defender, Reno, Nev., for petitioner.

Douglas G. Lohse, Reno, Nev., amicus curiae.

## ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner, Raymond Wallace Shuman, was convicted after a trial by jury in the state court for murder in the first degree in 1958 and sentenced to prison for life without possibility of parole. While serving that sentence he was again convicted of first degree murder in 1975 and sentenced under Nevada Revised Statute § 200.030 in effect from 1975–1977 which provided, *inter alia*, mandatory capital punishment for individuals under the sentence of life without possibility of parole.

In July, 1978, Shuman simultaneously filed separate petitions for habeas corpus pursuant to 28 U.S.C. § 2254 in this court attacking the 1958 and 1975 convictions. The state court's warrant for execution of petitioner has been stayed by this court during the pendency of this proceeding and the two petitions have been consolidated for all purposes by an earlier order of the court.

### A. *1958 Conviction*

#### 1. Deliberate Bypass.

■ In general exhaustion of state remedies is required as a prerequisite to consideration of each claim presented in a federal habeas corpus petition. 28 U.S.C. § 2254(b). *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975). The deliberate bypass of the orderly procedure of state courts resulting in the forfeiture of available state court remedies may in some cases act as a bar to federal habeas corpus relief. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Journigan v. Duffy*, 552 F.2d 283 (9th Cir. 1977).

Here, the petitioner did not seek to challenge his 1958 conviction until after approximately twenty years and after his second conviction for first degree murder which came in 1975. At that time he filed a petition for post-conviction relief in the state court setting forth the identical grounds for relief proffered in the instant petition. The state court dismissed all of the petitioner's claims except for one on the

ground that such issues were waived because they could have been raised in a direct appeal but were not. The remaining jurisdictional claim was also subsequently denied. An appeal then taken by petitioner to the Nevada Supreme Court was dismissed.

The respondent herein contends that the instant petition should also be denied because petitioner failed to follow proper state court procedure or offer any excuse therefor.

■ The standard which should be applied in considering whether constitutional claims raised in a federal habeas corpus petition are barred because of a procedural default resulting in the inability to have such claims previously considered on the merits in state court is whether or not the petitioner deliberately bypassed the opportunity to raise such claims in the state court. *Rinehart v. Brewer*, 561 F.2d 126 (8th Cir. 1977); *Patterson v. Brown*, 393 F.2d 733 (10th Cir. 1968). More specifically, in *Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), the Supreme Court stated that the appropriate standard to be applied in determining whether a federal habeas petition had in fact deliberately bypassed orderly procedure of the state courts and in so doing forfeited his state court remedies was:

> The classic definition of waiver enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019 [1023], 82 L.Ed. 1461—"an intentional relinquishment or abandonment of a known right or privilege"—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied

itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.

Of course, the court must indulge every presumption against waiver in a case such as this. *In re Kravitz*, 488 F.Supp. 38 (M.D. Pa.1979).

■ Based on the record before it, the Court simply cannot find that a deliberate waiver or bypass of the state court remedies available to petitioner following his 1958 conviction took place. The strongest indication that such a waiver may have occurred is found in the affidavit of attorney Paul A. Richards who represented petitioner throughout the 1957–58 proceedings. Attorney Richards states that he felt that under the circumstances of the case a "victory" of sorts was obtained in averting the death penalty for petitioner after the 1958 trial. He further states that the petitioner was then facing additional murder charges in California and that he advised that a direct appeal from the Nevada murder conviction not be taken "... by reason of the impending charge of the Macklin murder in the State of California."

Utilizing the above standard it is clear that the Court could possibly find that petitioner's failure to appeal the 1958 conviction did amount to an intentional bypass of preventment of his constitutional claims through orderly state appellate procedure. Other than the sparse detail provided in the affidavit of attorney Richards there is no indication as to what information petitioner had following his conviction regarding availability of post-conviction relief. In addition to the above-cited comment by attorney Richards nothing else in the record indicates that murder charges were in fact pending against petitioner in California following petitioner's 1958 conviction or that the apparent failure of the California authorities to prosecute him on such charges had anything to do with petitioner's decision about whether or not to take an appeal and the potential results thereof. Because of the gravity and nature of the rights involved this Court cannot find under these circumstances that the record convincingly

demonstrates a factual background which shows a deliberate waiver and bypass of orderly state procedure barring him from seeking federal habeas corpus relief as to his 1958 conviction.

### 2. State Jurisdiction Over Petitioner.

The first issue regarding petitioner's 1958 murder conviction is whether the State of Nevada had jurisdiction to prosecute Shuman, a non-Indian, for a crime committed on an Indian reservation located within the State of Nevada.

Despite the broad wording of 18 U.S.C. § 1152 which relates to the law governing the punishment of offenses occurring within Indian country, it has been consistently held that crimes committed by non-Indians against non-Indians are subject to state jurisdiction. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978).

### 3. Right to Speedy Trial.

Petitioner was first charged on December 17, 1957. His trial began on May 26, 1958. Petitioner contends simply that the delay of some five months in bringing him to trial constituted a denial of his constitutionally guaranteed right to a speedy trial.

A five-month delay does not appear patently unreasonable, much less a violation of the Sixth Amendment where, as here, petitioner has failed to even assert prejudice as a result of the delay. The Court need not look further to examine the merits of the claim. *United States ex rel. Placek v. Illinois*, 546 F.2d 1298 (7th Cir. 1976); *Stubbs v. Harris*, 480 F.Supp. 523 (S.D.N.Y.1979). The Court recognizes that a long delay in addition to a request for speedy trial by a defendant, as well as lack of good cause by the government for the delay, may well present an appropriate case for federal habeas corpus relief. *See United States ex rel. Mangiaracina v. Case*, 439 F.Supp. 913 (E.D.Pa.1977). No such showing has been made here.

Other courts have applied the Supreme Court's four factor test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) in determining whether the state court denied petitioner his Sixth Amendment right to a speedy trial in this context. That is: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to defendant. *Foran v. Metz*, 463 F.Supp. 1088 (S.D.N.Y.1979). In a case such as this where the delay is relatively short (5 months) and petitioner has neither asserted or shown that he was either prejudiced by the short delay or that he made demand for an earlier trial the reason for the delay is irrelevant.

### 4. Effective Assistance of Counsel.

Petitioner has also alleged that he was denied his constitutional right to effective counsel. To this end petitioner points to several omissions on part of his attorney occurring during the defense of the 1957–58 charges to support his claim. These involve the failure of his attorney to file a pretrial petition for writ of habeas corpus, perfect a direct appeal from the conviction or informing petitioner how to do the same and have petitioner examined by a psychiatrist before trial to determine his mental competence.

The applicable standard for incompetent counsel in the Ninth Circuit is the reasonably competent and effective representation test which is as stated in *Rinehart v. Brewer*, 561 F.2d 126, (8th Cir. 1977):

> "The standard for measuring effective assistance of counsel was articulated in *United States v. Easter*, 539 F.2d 663, 666 (9th Cir. 1976):
>
>> [T]rial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.
>
> In addition, the defendant must have been materially prejudiced in the defense of his case by the actions or inactions of defense counsel. *Crismon v. United States*, 510 F.2d 356, 358 (8th Cir. 1975)."

In *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) the court stated at page 1331:

> When the claim of ineffective assistance of counsel rests upon specific acts and omissions of counsel at trial, as it does in this case, relief will be granted only if it appears that the defendant was prejudiced by counsel's conduct."

■ Petitioner, who has been represented at all times during this proceeding by counsel, has not presented any further support for his claim of incompetent counsel other than the bare allegation in his petition and has not asserted that he was prejudiced by such alleged ineffective representation. Under these circumstances the Court has no choice but to deny petitioner's claim for relief on this ground which will be conditioned upon the right of petitioner to request reconsideration within 30 days of the date of this order to be submitted together with any supportive evidence and materials. The Court may in such event order that an evidentiary hearing be held.

### 5. Denial of Severance.

Petitioner was tried at the 1958 murder trial along with his codefendant despite a pretrial motion for severance by his attorney as well as repeated requests for severance made during the trial. At least part of the potential reason for petitioner's request for severance is obvious from the record as apparently both petitioner and his codefendant made out-of-court confessions prior to trial.

■ In order to prevail on this claim petitioner would have had to show that the trial judge's denial of his severance motion rendered his trial fundamentally unfair as to him in violation of due process. *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970). Again petitioner has made no attempt to make such a showing during these proceedings. In this regard relief as to this claim must be denied with the same condition as to the previous claim.

### 6. Voluntariness of Confession.

Here again petitioner has chosen to rely solely on the brief allegation in his petition which avers that his confession as to his involvement in the 1957 killing was involuntarily and not freely and intelligently given and that its introduction at trial violated due process. In reply the respondent has pointed out petitioner's failure to support his claim with any law and/or facts and further shown that the trial judge held a hearing outside of the jury on this issue before ruling that the confession was admissible.

As with the two preceding claims relief on this ground is denied with the previous stated condition.

### 7. Jury Instructions.

Two of the grounds submitted by petitioner involve separate jury instructions given at the 1958 trial each of which petitioner maintains deprived him of his constitutionally protected right to a fair trial. Jury instruction number 10 used at the 1958 trial referred to petitioner and his codefendant in the plural and, according to petitioner, this instructed the jury to return a verdict for defendants jointly and not individually. Additionally, petitioner maintains that the instruction given to the jury regarding "reasonable doubt" was objectionable and violated his due process right to a fair trial in that it lessened the state's burden of proof.

■ The contentions of petitioner in this regard appear to be without merit. Federal habeas corpus relief is not available to set aside a conviction on the basis of an erroneous jury instruction unless the error rendered the trial so fundamentally unfair as to deny due process. *Shepard v. Nelson*, 432 F.2d 1045, 1046 (9th Cir. 1970).

Even if the above alleged erroneous instructions were given to the jury it seems unlikely that they constituted constitutional error which undermined the fact finding process. *See Bustamante v. Cardwell*, 497 F.2d 556 (9th Cir. 1974). But inasmuch as the text of the jury instructions in question do not appear in the record before the court petitioner shall, if he desires to further pur-

sue this ground for relief supplement the record with such instructions and other evidence or supportive materials upon the condition earlier set forth.

### 8. Sufficiency of the Evidence.

▮ Petitioner contends that the evidence presented at trial was "insubstantial" to find him guilty beyond a reasonable doubt. Ordinarily, the question of whether there was sufficient evidence presented at trial to convict a defendant is not a ground for federal habeas corpus relief. *Wilson v. Parratt*, 540 F.2d 415 (8th Cir. 1976); *Starkey v. Leverette*, 462 F.Supp. 749 (M.D.W. Va.1978).

Petitioner here has failed to show that his case should fall outside that general rule such as has been elsewhere found where the trial record is so void of evidentiary support that a due process issue is raised. *Kennedy v. Fogg*, 468 F.Supp. 671 (S.D.N.Y.1979). Relief as to this claim is thereby denied.

### 9. Failure of Prosecutor to Provide Pretrial Discovery.

▮ Petitioner again baldly asserts, without any additional support or argument, that his conviction was obtained due to the prosecution's failure to provide him favorable evidence (i.e., *Brady* material) after a timely request for discovery was made. Where a habeas petitioner does not identify or otherwise at least generally specify what evidence was allegedly wrongfully withheld, no relief is available on those grounds. *United States v. Neff*, 525 F.2d 361 (8th Cir. 1975). Therefore, relief as to this claim is likewise denied.

### 10. Invalid Arrest Warrant and Improper Arraignment.

Petitioner contends that his arrest was obtained as a result of an invalid warrant issued without probable cause and that "he was also not arraigned properly." Because of these alleged improper procedures petitioner alleges that "information was unconstitutionally obtained and used against petitioner at trial."

▮ It is well settled that without more an illegal arrest cannot vitiate a conviction upon application to federal court for a writ of habeas corpus. *Pella v. Reid*, 527 F.2d 380 (2nd Cir. 1975). It has also been held that the failure of authorities to properly arraign a defendant does not state grounds for a collateral attack on the subsequent conviction. *United States ex rel. Ali v. Deegan*, 298 F.Supp. 398 (S.D.N.Y.1969).

Here, petitioner has even failed to show that his arrest was made upon an invalid warrant much less that evidence was then obtained and improperly used against him at trial. Relief on this ground must also be denied.

### 11. Admission of Codefendant's Confession.

Petitioner maintains that the out-of-court confession of his codefendant admitted at trial which implicated both defendants in the murder was a denial of his right of confrontation as guaranteed by the Sixth Amendment. The record indicates that a tape recorded confession by petitioner's codefendant was admitted at trial and that the court instructed the jury that the statement could only be considered against his codefendant.

Curiously, under the applicable law it appears that any error which may have arisen from the introduction of the taped confession of petitioner's codefendant is harmless and the right of confrontation is not denied where the petitioner himself has given a confession introduced at trial. *United States ex rel. Wilson v. Warden, Illinois State Penitentiary*, 600 F.2d 66 (7th Cir. 1979); *Felton v. Harris*, 482 F.Supp. 448 (S.D.N.Y.1979); *United States ex rel. Catanzaro v. Mancusi*, 404 F.2d 296 (2nd Cir. 1968).

Thus, this claim must also be denied subject to reconsideration upon the conditions earlier stated if petitioner is able to show that his own confession was improperly admitted.

▮ The remaining ground submitted by petitioner in support of his application

for relief as to his 1958 conviction as clarified is basically that the sentence imposed, life without possibility of parole, should not have been given without use of the guidelines set forth by the Supreme Court to be applied in cases where the death penalty is imposed. There is no authority to support this proposition. It is without merit.

### B. *1975 Conviction*

On August 27, 1973, Ruben Bejarno, an inmate at the Nevada State Prison who occupied a cell adjoining that of petitioner, was set afire and burned with a flammable substance. He died at the hospital three days later after stating repeatedly "all over a window" and responding to questions by the nodding of his head.

Petitioner and Bejarno were known to have been fighting over the opening of a window prior to Bejarno's death. After the incident two cans of flammable fluid were found in Bejarno's cell containing petitioner's fingerprints.

### 1. Dying Declarations.

■ Petitioner contends that certain statements made by the victim Bejarno after he was burned and admitted at trial under the "dying declaration" exception to the hearsay rule was erroneous. State court rulings on admissibility of evidence may not be questioned in a federal habeas corpus proceeding unless it raises a constitutional question. *Chavez v. Dickson*, 280 F.2d 727 (9th Cir. 1960).

■ It is clear that the requirements for a dying declaration were easily met in petitioner's case and no error was committed by the trial judge which is cognizable in this proceeding. *See Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976); *Reese v. Bara*, 479 F.Supp. 651 (S.D.N.Y.1979).

### 2. Petitioner's Wearing of Prison Clothing During Trial.

Petitioner asserts that he was deprived of the presumption of innocence and thereby denied due process during his 1975 murder trial in that he was forced to wear identifiable prison clothes during the proceedings. The respondent counters that petitioner was not prejudiced in his right to a presumption of innocence by wearing prison clothing at the trial.

■ Absent exceptional circumstances, a defendant who is forced to stand trial wearing prison garb is denied due process. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Corley v. Cardwell*, 544 F.2d 349 (9th Cir. 1976); *Bentley v. Crist*, 469 F.2d 854 (9th Cir. 1972). There is nothing in the record, however, to indicate that petitioner was compelled to wear his prison garb during his trial or that any objection was made to such procedure. As stated in *Estelle v. Williams, supra*, 425 U.S. at 512–513, 96 S.Ct. at 1696–97, ". . . the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." Relief on this claim is thereby denied.

### 3. Effective Assistance of Counsel.

As with petitioner's attack on his 1958 conviction he also claims that he was denied his Sixth Amendment right to effective assistance of counsel in the 1975 murder trial. In support of this claim petitioner asserts that his trial attorney failed to alibi witnesses who could have placed him away from the scene of the crime, and that his attorney "only discussed the case with petitioner once for five minutes before trial." As with the situation of petitioner's other ineffective counsel claim no factual or evidentiary support other than the bare allegation has been presented. Thus, petitioner's claim for relief on this ground must also be denied but with the condition previously stated as to several other of the claims in regard to his 1957 murder conviction.

### 4. Sufficiency of the Evidence; Reasonable Doubt Instruction.

Petitioner's claim that insufficient evidence was presented at the 1975 trial to prove his guilt is denied for the same reason the identical claim was rejected in connec-

tion with the 1958 conviction. Similarly, for the same reason that the court rejected the ground regarding a jury instruction defining reasonable doubt as unconstitutional in the 1958 case, the court here denies relief for the same reason but with the same condition earlier stated should petitioner deem it appropriate to present further evidence and support as to this ground.

Since the remaining claims in these consolidated petitions for writ of habeas corpus relate to the imposition of the death penalty the Court deems it appropriate to reserve ruling on such issues until after oral arguments and further briefing by the parties in light of the recent Supreme Court case of *Eddings v. Oklahoma,* —— U.S. ——, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Such hearing shall be held at the same time as a possible evidentiary hearing on certain claims herein specified should petitioner make timely request for the same as conditioned by this order and should the Court deem it necessary to hold an evidentiary hearing should petitioner, within 30 days, sufficiently supplement the record so as to justify an evidentiary hearing on any of those matters.

IT IS HEREBY ORDERED that this matter be set for hearing by the Clerk of Court at least 60 days from the date of this order.

IT IS FURTHER ORDERED that the parties shall have 30 days after entry of this order to file additional materials and points and authorities as herein specified should they desire to do so and an additional 20 days thereafter to file written response to any matters raised or presented in such materials.

IT IS FURTHER ORDERED that relief as to all grounds set forth in the petitions for writ of habeas corpus in actions numbered CIV–E–78–118–ECR and CIV–R–78–119–ECR, as consolidated, be DENIED excepting those grounds expressly reserved for decision by the Court as set forth hereinabove. Such denial is conditional and is subject to reconsideration only as to those claims herein specified.