Wayne and Bonnie OSBORNE, Appellants,

v.

Robert D. EDISON et al., Appellees.

No. 55959.

Supreme Court of Iowa.

Oct. 17, 1973.

Loughlin Law Firm, Cherokee, for appellants.

Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

HARRIS, Justice.

This appeal turns on our interpretation of "authorized to transact insurance in this state" as the term appeared in section 515B.2(4), The Code, 1971. Chapter 515B provides for the Iowa insurance guaranty association. The trial court held the term referred only to an insurer licensed by the state to do business in Iowa. We affirm.

Although never licensed to do business in Iowa, Trans Plains Casualty Company of Lubbock, Texas (Trans Plains), joined three other fire insurance companies covering the fire risk on real property owned by plaintiffs. Plaintiffs sustained fire damage during the term of the policies and obtained judgment in a separate suit against all four companies. The other three have paid their portion of that judgment. Because it is insolvent and in receivership Trans Plains has not.

This action was thereafter brought against defendants as directors of the Iowa insurance guaranty association under chapter 515B, The Code, 1971. Chapter 515B (originally 63 GA, ch. 1247) was described as "*An Act* to avoid financial loss due to the insolvency of an insurer." Under the chapter member insurers are organized to

receive and process claims of loss where the insurer has become insolvent. They are assessed to pay such losses.

Section 515B.2 contained two definitions. "Member insurers," those who were organized by the chapter into the association, who furnished the association directors, and who were assessed to pay the losses were defined as individuals, corporations or business associations who (1) write insurance covered by the act and (2) are "licensed to transact insurance in this state."

In a separate category "insolvent insurer" was defined as "an insurer *authorized to transact insurance in this state,* either at the time the policy was issued or when the insured event occurred, which is determined to be insolvent by a court of competent jurisdiction." (Emphasis added)

The record reveals Trans Plains wrote the policy in question under authority of section 515.147, The Code which authorizes a licensed resident agent of this state to procure insurance from certain unauthorized insurers after making an oath to the commissioner of insurance that the agent has been unable to place said insurance in an authorized insurer and " * * * has either exhausted the capacity of all authorized insurers or has been unable to obtain the desired insurance in insurers licensed to transact business in this state. * * *." The section further provides: " * * * A sworn report of all business transacted by agents of this state in such unauthorized insurers shall be made to the commissioner of insurance on or before March 1st of each year for the preceding calendar year, * * * such report shall be accompanied by a remittance to cover the taxes thereon. * * *."

The controlling question is whether an insurance transaction authorized under section 515.147 by an unlicensed insurer renders the insurer "authorized to transact insurance" in Iowa within the meaning of section 515B.2(4), The Code, 1971.

Our determination is not affected by a subsequent amendment (64 GA, ch. 1113, § 2). Under the amendment an insurer must be licensed to fall within the definition. Prior to the amendment it was a much closer question. But we think the trial court was right in holding an insurer had to be licensed in order to be "authorized to transact insurance" in Iowa.

I. "In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said." Rule 344(f)(13), Rules of Civil Procedure.

■ Where a statute is being interpreted by us for the first time we examine both the language used and the purpose for which the legislation was enacted. Dingman v. City of Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, 746; Wilson v. Iowa City, 165 N.W.2d 813, 822 (Iowa 1969). We consider all its parts together without according undue importance to single or isolated portions. Wilson v. Iowa City, supra, at page 822.

■ The argument is presented that in the 1971 Code a distinction was made between an "insolvent insurer" and a "member insurer." It is argued that section 515B.2(5) limited the latter category to licensed insurers but section 515B.2(4) did not, and that the distinction was not accidental. There is a certain appeal to this argument. On the other hand we find other considerations compel us to reject the argument. The policy was written only under section 515.147 and plaintiffs point only to that section as authority for Trans Plains to transact business in Iowa.

We believe the section falls short of constituting Trans Plains as authorized to transact insurance within this state for two reasons. The section grants its authority, not to the unlicensed insurer, but to the licensed resident agents. No power or authority is conferred directly on the unlicensed insurer. In addition it must be not-

ed the section, after granting the authority to the resident agent, continues to refer to unlicensed insurers as "unauthorized insurers." We believe the legislature did not, by the authority given agents in section 515.147, intend to make unlicensed insurers authorized to transact business within the meaning of section 515B.2(4), The Code, 1971.

Affirmed.