DELMA GIRLANDO ADAMS, Plaintiff-Appellant, *v.* THE ILLINOIS INSURANCE GUARANTY FUND, Defendant-Appellee.

First District (3rd Division)    No. 79-319

Opinion filed June 11, 1980.

Ronald Fishman, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Don W. Fowler, Hugh C. Griffin, and Floyd A. Wisner, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The issue in this declaratory judgment action is whether the defendant Illinois Insurance Guaranty Fund (the Fund) must guarantee payment of claims against surplus line insurers. It need not.

Most insurance in this State is written by insurers authorized and licensed to do business here. Such companies are extensively supervised and regulated. The law recognizes, however, that some people want insurance that they are unable to obtain from these companies. Certain insurance brokers and agents are therefore licensed to procure policies from companies not authorized to do business in this State, provided the broker first makes a diligent effort to procure the desired coverage from the companies duly authorized and licensed to transact business in this State. (Ill. Rev. Stat. 1975, ch. 73, par. 1057.) Such insurance is called "surplus line" insurance. The surplus line insurer must appoint the Director of Insurance its agent for receiving service of process, and must satisfy the Director that it has on deposit somewhere in the United States adequate security for its obligations (Ill. Rev. Stat. 1975, ch. 73, par. 1057.1); but it is not otherwise regulated or licensed by this State.

The Fund is a nonprofit unincorporated legal entity established by statute (Ill. Rev. Stat. 1975, ch. 73, par. 1065.85) to guarantee payment of

claims against insolvent insurers. All insurance companies licensed to transact any kind of insurance in this State are members (Ill. Rev. Stat. 1975, ch. 73, par. 1065.84—5)—and they must remain members of the Fund as a condition of their authority to transact business in this State (Ill. Rev. Stat. 1975, ch. 73, par. 1065.85). When an insurance company becomes insolvent, the Fund estimates how much money will be needed to pay the Illinois claims, and assesses the members accordingly. If a member fails to pay an assessment, its certificate of authority to do business in this State may be suspended or revoked. Ill. Rev. Stat. 1975, ch. 73, par. 1065.94.

Surplus line carriers are by definition not authorized to do business in this State. True, they may lawfully write surplus line policies, but that is not the same as being authorized to transact business, as that phrase is used throughout the Insurance Code. Surplus line insurers have no certificate of authority. It is the agents placing the surplus line insurance who are licensed, not the insurance companies. Surplus line carriers are not, therefore, members of the Fund. They do not vote for the Fund's directors; they have never been assessed for contributions. Thus, the issue is whether the Fund must guarantee payment of claims against nonmembers as well as members.

A "covered claim" is defined as "an unpaid claim * * * for a loss arising out of and within the coverage of an insurance policy to which this Article applies * * * if (a) The company issuing the policy becomes an insolvent company after the effective date of this Article * * *." (Ill. Rev. Stat. 1975, ch. 73, par. 1065.84—3.) " 'Insolvent company' means a member company as defined in Section 534.5 [summarized above, Ill. Rev. Stat. 1975, ch. 73, par. 1065.84—5], (a) authorized to transact insurance in this State * * *." (Ill. Rev. Stat. 1975, ch. 73, par. 1065.84—4.) The plain language of the statute, then, indicates that only members' debts are guaranteed.

The Department of Insurance, which oversees the Fund, interprets the statute in this way. The Department's Rule 28.01 directs the surplus line agent or broker to arrange for the first page of each surplus line policy he procures to contain the following legend:

"Notice to Policyholder

This contract is issued * * * by an insurer not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."

The plaintiff contends that this interpretation conflicts with the statute's "spirit and intent." We disagree. The legislative intent should be sought primarily from the language of the statute. (*Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 292, 403 N.E.2d 225.) We can readily believe the legislature meant exactly what it said—to exclude surplus line

insurance from the coverage of the Fund. The purpose of the Fund is to "provide a mechanism for the payment of covered claims under *certain* insurance policies * * *," not necessarily all. (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 73, par. 1065.82.) Even the plaintiff does not argue that the Fund would be required to pay her if the property on which she was injured had been uninsured, or insured in violation of the Code (possible under Illinois Insurance Code, section 121—4 (Ill. Rev. Stat. 1975, ch. 73, par. 733—4)). As the law does not require property owners to maintain adequate insurance, it is apparent that the plaintiff has no legal right to a solvent defendant. Even if the ultimate legislative goal is to secure adequate compensation for all tort victims—a questionable assumption— the legislature is entitled to proceed step by step, treating first the easiest or most pressing problems. We see nothing unusual about a rule that only those companies that help support the Fund—whose policyholders, through their premiums, pay for the Fund's guarantee—are to have the benefits of the Fund. There is no reason to depart from the literal meaning of the statute, which does not require the Fund to guarantee surplus line insurance.

The Iowa Supreme Court has ruled similarly about that State's insurance guarantee fund. *Osborne v. Edison* (Iowa 1973), 211 N.W.2d 696.

We note also that the plaintiff, to prevail, must escape the effect of the notice, stamped on the contract of insurance, that the policy is not guaranteed by the Fund. She must therefore argue either that the insured (the owner of the property she was injured on) was not bound by the notice, or that the plaintiff is in a better legal position than the insured in this respect. We do not decide these points, but are not impressed by either argument.

The summary judgment for the defendants is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.