Roger John WENCK, Appellant,

v.

STATE of Iowa, Appellee.

No. 66127.

Supreme Court of Iowa.

June 16, 1982.

Charles A. Schulte of Schulte & Graven, P. C., Sac City, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Lon R. Tullar, Sac County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

ALLBEE, Justice.

On May 2, 1980, petitioner Roger Wenck appeared before a part-time magistrate in Sac County and pleaded guilty to two simple misdemeanors: public intoxication, a violation of section 123.46, The Code, and interference with official acts, a violation of section 719.1, The Code. (All statutory references in this opinion are to The Code 1979.) The magistrate sentenced Wenck to ten days in the county jail on the first charge, and twenty days on the second.

On October 8, 1980, Wenck filed an application for postconviction relief in the "magistrate court" alleging, *inter alia*, that his guilty pleas were involuntary and his misdemeanor sentences unconstitutional, in that he had been denied his right to be represented by counsel in the guilty plea proceedings. *See Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (no person may be imprisoned for even a simple misdemeanor unless he was represented by counsel at his trial or made an effective waiver of right to counsel). Wenck had already finished serving the misdemeanor sentences when he filed the application for postconviction relief, although he was incarcerated in the Iowa State Penitentiary at the time on an unrelated charge.

Without giving notice to petitioner, as required by section 663A.6, The Code, the magistrate summarily determined that the postconviction application was without merit and should be dismissed. Petitioner appealed directly to this court, arguing that: (1) the provisions of the Iowa postconviction procedure act, including provisions for direct appeal to this court, are applicable to simple misdemeanor convictions rendered by a part-time magistrate, and (2) the magistrate erred by summarily denying Wenck's application without notice, and by failing to appoint counsel.

The State concedes that postconviction relief is available for simple misdemeanors, but contends that summary dismissal was proper because a part-time magistrate lacks power to exercise any jurisdiction at all over a postconviction action. The State submits that petitioner should have filed his application in the Iowa District Court for Sac County, and requests that this court affirm the dismissal on jurisdictional grounds, while reserving Wenck's right to file his application anew in the district court.

I. An initial question, discussed during oral argument, is whether a person may file an application under chapter 663A after he has finished serving the sentence he challenges therein. To avoid a mootness challenge under the comparable federal habeas corpus statute, a person must be under some restraint on his liberty at the time he *files* his petition, although a subsequent release from custody will not necessarily render the petition moot, and the custody or restraint must be pursuant to the charge or conviction challenged in the petition. *Carafas v. LaVallee*, 391 U.S. 234, 236–40, 88 S.Ct. 1556, 1558–61, 20 L.Ed.2d 554, 557–60 (1968). Because this "custody" requirement has created numerous complications in habeas corpus cases, the American Bar Association Project on Minimum Standards for Criminal Justice recommended elimination

of that requirement in postconviction actions:

> [T]he availability of post-conviction relief should not be dependent upon the applicant's attacking a sentence of imprisonment then being served or other present restraint. The right to seek relief from an invalid conviction and sentence ought to exist:
>
> (i) even though the applicant has not yet commenced service of the challenged sentence;
>
> (ii) even though the applicant has completely served the challenged sentence;
>
> (iii) even though the challenged sentence did not commit the applicant to prison, but was rather a fine, probation, or suspended sentence.

*ABA Standards Relating to Post-Conviction Remedies* § 2.3, at 40–41 (1967). *See also id.*, Commentary, at 41–42.

■ Although most of the early state postconviction statutes retained the custody requirement, *id.* at 42–43, the Second Revised Uniform Post-Conviction Procedure Act, upon which Iowa's chapter 663A is based, does not. As noted in the ABA reference cited above:

> The Second Revised Uniform Act does not contain any language restricting the remedy to persons actually serving the challenged sentence. The original Uniform Act and the First Revision were limited to persons "incarcerated under sentence" and "under sentence" respectively. Presumably, the elimination of those restrictive words signify the draftsmen's intention to remove the custody prerequisite for post-conviction relief, an anachronism that has caused considerable difficulty. See Standard 2.3.

*Id.* at 104. Because chapter 663A is worded identically to the second revised uniform act in all aspects relevant here, it should be construed accordingly. Thus, we hold that no problem of mootness is created by the fact that Wenck's sentence expired before he filed his postconviction application.

■ II. The State rightly concedes that chapter 663A is applicable to simple misdemeanor convictions. By its terms, the chapter applies to "[a]ny person who has been convicted of, or sentenced for, a public offense." § 663A.2, The Code. A simple misdemeanor is unquestionably a public offense. §§ 701.2, .8, The Code.

■ III. The next question is whether judicial magistrates have jurisdiction over postconviction actions. It is clear to us that they do not. Magistrates have jurisdiction *only* over the types of cases listed in section 602.60, The Code. *See State v. Iverson*, 272 N.W.2d 1, 3 (Iowa 1978). Postconviction proceedings are civil cases, *see* § 663A.7, The Code, and a magistrate's *civil* jurisdiction is limited to small claims and lost property cases. *See* §§ 602.60, 631.1, 644.2, .12, The Code. Thus, a magistrate's jurisdiction does not extend to postconviction proceedings.

■ Section 663A.3, The Code, states that a postconviction proceeding "is commenced by filing an application verified by the applicant with the clerk of the court in which the conviction or sentence took place." Although Wenck's conviction and sentence were rendered by a magistrate, there is no such thing as a separate "magistrate court" in Iowa. Rather, the code provides that a magistrate is one of the judicial officers of our unified trial court system. §§ 602.1, .3, The Code. Thus, Wenck's conviction and sentencing actually "took place" in the Iowa District Court for Sac County, and therefore his application for postconviction relief, under the terms of section 663A.3, should have been filed with the clerk of that district court. The clerk then would have been required to bring it to the attention of a judge who has jurisdiction over such proceedings. § 663A.3.

■ IV. Although the magistrate in this case dismissed Wenck's application for postconviction relief on its merits, it is proper for this court to affirm on grounds other than those relied upon by the court below. *Citizens First National Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980). Therefore, we affirm the dismissal for lack of jurisdiction in the magistrate, and reserve Wenck's right to refile his petition with the clerk of the district court.

AFFIRMED.

All Justices concur except HARRIS, J., who concurs in divisions II, III, IV and the result.