Robert Lee **WRIGHT**, Jr., Appellant,

v.

**CITY OF CEDAR FALLS**, Appellee.

No. 86–977.

Supreme Court of Iowa.

June 15, 1988.

Charles L. Harrington, Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Jack Burds, law student intern, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL and ANDREASEN, JJ.

SCHULTZ, Justice.

The question presented on this appeal is whether postconviction relief under Iowa Code chapter 663A[1] is available to persons convicted of violating municipal ordinances. Appellant Robert Lee Wright, Jr. was convicted in magistrate court of violating a Cedar Falls city ordinance. He thereafter applied for postconviction relief in the magistrate court but was denied relief on grounds that chapter 663A was not available to persons convicted of violating city ordinances. The district associate court affirmed this denial. We also affirm for the reasons stated below.

■ Initially, we point out that neither the magistrate nor the district associate judge had authority to rule on appellant's application, because the legislature has assigned authority over these cases to the district judges. *Wenck v. State*, 320 N.W. 2d 567, 569 (Iowa 1982). Nonetheless, we take this opportunity to decide the substantive issue presented.

■ In Iowa, postconviction relief, rather than habeas corpus, may be available to persons who are convicted of committing a "public offense." Iowa Code §§ 663A.1, .2. Because chapter 663A does not define "public offense," it is necessary for us to decide whether the term includes municipal ordinance violations.

In determining the meaning of statutes, our ultimate goal is to ascertain and give effect to the legislature's intent. *Janson v. Fulton*, 162 N.W.2d 438, 442 (Iowa 1968). We examine the language used in the statute and the purposes for which it was enacted. *Osborne v. Edison*, 211 N.W.2d 696, 697 (Iowa 1973). We consider all parts of the statute together, without giving undue importance to a single or isolated part. *Id.* We may also look to such matters as the history of the act, *Richards v. Iowa Dept. of Revenue*, 362 N.W.2d 486, 488 (Iowa 1985), the common law meaning of terms used, *Sechler v. State*, 340 N.W.2d 759, 763 (Iowa 1983), and other pertinent statutes, *Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 376 N.W.2d 878, 881 (Iowa 1985).

We first examine the history of chapter 663A. Chapter 663A was enacted by the legislature in 1970. *See* 1970 Iowa Acts ch. 1276, §§ 1–11. It was taken from the Uniform Post–Conviction Procedure Act of 1966, developed by the National Conference of Commissioners on Uniform State Laws. *See* 11 U.L.A. 485 (1974). Originally, the uniform act applied only to persons who had been convicted of a felony and were incarcerated. However, prior to the time Iowa adopted the uniform act, it was changed to make such relief available to persons convicted of, or sentenced for, a "crime." *Handbook of the National Conference of Commissioners on Uniform State Laws* 216 (1965). When Iowa enacted the uniform act, the term "public offense" was substituted for the word "crime." 1970 Iowa Acts ch. 1276, § 1, 2.

In construing this language, we have held that a simple misdemeanor is a public offense. *Wenck*, 320 N.W.2d at 569. Appellant now urges us to expand the term "public offense" to include criminal convictions under municipal ordinances. It is true that in common usage, a municipal ordinance violation may be considered a public offense. *See, e.g., Jaquith v. Royce*, 42 Iowa 406, 409 (1876) (arrest for munici-

---

1. All references are to the 1985 Iowa Code un-    less otherwise noted.

pal ordinance violation was not illegal because "the violation of the ordinance is a public offense and the guilty party is liable to a criminal prosecution...."). Despite the common meaning of the term, however, there is strong evidence that the legislature, in enacting chapter 663A, did not intend to provide relief for violators of municipal ordinances.

Municipal ordinance violations are prosecuted by the city. However, section 663A.3 states that when an application for postconviction relief is filed, the clerk of court is required to "deliver a copy to the county attorney and the attorney general." The county attorney and the attorney general do not represent the city in prosecutions for municipal ordinance violations. The statute says nothing about representatives of the city. In creating procedures the legislature also provided that "the state shall respond by answer or by motion" to the petition. § 663A.6. Again, there is no reference to the city, which would be the real party in interest when relief is sought from action taken under a municipal ordinance. We believe that if the legislature had intended to grant a right of postconviction relief to municipal ordinance violators it would not have limited its references to county and state officials.

Additional reasons support our conclusion. The Code makes no provision for the city to assume the cost and expense of legal representation for applicants unable to pay the costs. *See* § 663A.5. However, the city keeps ninety percent of the fines resulting from ordinance violations, remitting the other ten percent to the county. § 364.3(2). In 1970 when this legislation was enacted, cities kept all the money. Iowa Code § 367.9 (1966). It would be irregular to require the county or state to bear the cost of reviewing city ordinance violations from which the city receives the financial benefits.

The city maintains that even though chapter 663A does not define "public offense," the legislature has defined the term elsewhere. In 1976, after chapter 663A was enacted, the legislature enacted the "Iowa Criminal Code." 1976 Iowa Acts ch. 1245 (codified at Iowa Code chs. 701–28). This enactment defines public offense as "that which is prohibited by statute and is punishable by fine or imprisonment." Iowa Code § 701.2. While the parties disagree on whether this definition is applicable to chapter 663A, the legislature has provided in Iowa Code section 702.1 that "[w]herever a term, word or phrase is defined in the criminal code, such meaning shall be given wherever it appears in the Code, unless it is being specially defined for a special purpose."

Despite this literal language, appellant urges that the word "Code" in section 702.1 should be interpreted as referring only to the criminal code and not the whole Code of Iowa.[2] In interpreting statutes, we are not bound by the literal import of the words used if the manifest intent of the legislature is to the contrary. *In Re N.H.*, 383 N.W.2d 570, 572 (Iowa 1986). In this case, however, we see no reason to depart from the literal language of the statute. That language provides that the definition of public offense in section 701.2 applies to our chapter on postconviction relief.

Petitioner contends in the alternative that the term "statute" in section 701.2 includes a municipal ordinance. We disagree. Laws enacted by the general assembly have historically been referred to as "statutes." *See, e.g.,* Iowa Code §§ 4.1, 14.12(6)(j), 14.20. A piece of city legislation, on the other hand, has been referred to as "an ordinance." *See* Iowa Code §§ 380.1, 364.3(1). Consequently, the term statute as used in section 701.2 refers to an enactment by the general assembly rather

---

2. Appellant argues that if this definition is applicable throughout the entire Iowa Code, the statute violates the Iowa Constitution article III, section 29. This section provides that the "subject [of an act] shall be expressed in the title" and if it is not, the act "shall be void only as to so much thereof as shall not be expressed in the title." The title to the Iowa Criminal Code states: "AN ACT relating to a complete revision of the substantive criminal laws ... and postconviction procedure laws of this state...." 1976 Iowa Acts ch. 1245. Because postconviction procedure laws are expressly included in the title, we find no merit in this argument.

than enactment by the legislative body of a city.

■ Our conclusion does not prevent all persons convicted of violating a municipal ordinance from collaterally attacking their convictions. Habeas corpus relief is available to those incarcerated for an offense not covered under chapter 663A. *See* ch. 663. While this does not aid persons who are sentenced to pay a fine, that relief from circumstance must come from the legislature and not this court.

Under section 663A.5 an indigent petitioner is entitled to counsel to challenge a conviction at the county's expense.[3] If postconviction relief were available to municipal ordinance violators who are only fined at least two anomalies would exist. First, court-appointed counsel would have to be provided for petitioners to challenge their convictions on postconviction relief, even though they were not entitled to counsel at state expense for the original proceeding. Second, the state or county would be required to provide counsel for indigent petitioners who wish to challenge an ordinance violation inuring to the city's financial benefit. Consequently, we do not believe that it is unreasonable for the legislature to exclude ordinance violations from the postconviction relief act.

■ In conclusion, we hold that postconviction relief under chapter 663A is not available to persons convicted of violating municipal ordinances. Because this relief is not available to the appellant, it is not necessary for us to decide whether appointed counsel should have been provided him in seeking postconviction relief.

AFFIRMED.

---

3. It is only those situations when a indigent is convicted and actually serves a sentence of imprisonment that the federal constitution requires assistance of counsel. *See Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383, 389 (1979).