## IN THE COURT OF APPEALS OF IOWA

No. 23-1201
Filed July 3, 2024

**LIBERTY CREDIT SERVICES INC.,**
Plaintiff-Appellee,

**vs.**

**ROGER INLOW,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Brad McCall, Judge.

A debtor appeals from a ruling enforcing an unsatisfied small-claims judgment. **AFFIRMED.**

Kevin Brown of Iowa Legal Aid, Des Moines, for appellant.

Kevin V. Abbott, Katherine J. Hartung, and Emily Douglas Moore of Abbott Osborn Jacobs PLC, West Des Moines, for appellee.

Considered by Tabor, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Are small-claims proceedings held in a "court of record?" The district court answered "yes," in a dispute between Liberty Credit Services, Inc., ("Liberty") and Roger Inlow over enforcing a 2002 small-claims judgment. On appeal, Inlow contends the judgment was not obtained in a court of record, in part because the Iowa Code did not mandate audio recording of small-claims proceedings in 2002. We disagree based on the plain text of the Unified Trial Court Act, conclude small-claims actions are tried in a court of record under our unified court system, and affirm the district court.

The background for this case is essentially undisputed. Liberty filed a small-claims action against Inlow in April 2002, and a district associate judge presiding over the small-claims docket found Inlow in default and entered judgment for Liberty. Inlow did not appeal or otherwise challenge the judgment, nor has he paid any amount on it. In February 2022, Liberty filed a petition to enforce the judgment in a new case number, just shy of the twenty-year limitations period to enforce judgments provided in Iowa Code section 614.1(6) (2022). Inlow resisted, contending the 2002 judgment was not issued by a court of record, so enforcing it was barred by the ten-year limitations period in Iowa Code section 614.1(5).

The district court ruled in favor of Liberty on summary judgment. The court found that, because we have a unified trial court that includes the small-claims docket, the 2002 judgment was issued by a court of record and the twenty-year limitations period applied. Inlow appeals, and we review for correction of errors at law. *See Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019).

The modern Iowa trial court system dates to 1972, when the General Assembly passed and Governor Robert D. Ray signed the Unified Trial Court Act. *See* 1972 Iowa Acts ch. 1124; *see also* Iowa Code § 602.6101.

> A unified trial court is established. This court is the "Iowa District Court". The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body. The district court has all the power usually possessed and exercised by trial courts of general jurisdiction, and is a court of record.

Iowa Code § 602.6101. The Act "abolished all inferior courts"—such as "mayor's courts, justice of the peace courts, police courts, superior courts, and municipal courts"—and consolidated judicial authority into a single unified trial court. *Warren County v. Judges of Fifth Jud. Dist.*, 243 N.W.2d 894, 896 (Iowa 1976); 1972 Iowa Acts ch. 124, § 45.

The authority of this unified trial court is "exercised by district judges, district associate judges, associate juvenile judges, associate probate judges, and magistrates." Iowa Code § 602.6104(1). "There is no separate small claims court, but there is a small claims docket in district court." *Iowa Nat'l Mut. Ins. Co. v. Mitchell*, 305 N.W.2d 724, 725 (Iowa 1981). Nor is there a separate "magistrate" or "associate" court. *See Wenck v. State*, 320 N.W.2d 567, 569 (Iowa 1982) (noting "there is no such thing as a separate 'magistrate court' in Iowa" and actions taken by a magistrate "actually 'took place' in the Iowa District Court"); *Wilson v. Iowa Dist. Ct.*, 297 N.W.2d 223, 225–26 (Iowa 1980) ("This case was not transferred from 'magistrate court' to 'district court' and eventually tried in 'associate district court.' It was transferred from the small claims docket of the

district court to the civil docket of the district court and was tried by a district associate judge in the district court.").

Below, Inlow admitted the 2002 judgment was issued by the "Iowa District Court." So under the plain language of Iowa Code section 602.6101, the judgment was issued by a "court of record" and the twenty-year limitations period applies. *See* Iowa Code §§ 602.6101, 614.1(6). But we would also come to the same conclusion without Inlow's admission, given the effect of the Unified Trial Court Act and the supreme court's recognition that a judicial officer is exercising the authority of the unified trial court no matter how a case is captioned or which docket the officer is presiding over. *See Wenck*, 320 N.W.2d at 569; *Mitchell*, 305 N.W.2d at 725.

Despite the plain language of the Code, Inlow argues small-claims actions were not tried in a "court of record" in 2002 because, under the Code in effect then, small-claims proceedings were only electronically recorded "in the magistrate's discretion."[1] Iowa Code § 631.11(3) (2002). He then links the discretion whether to electronically record proceedings to various out-of-state authorities that generally define a "court of record" as one required to keep a record of its proceedings. *See, e.g.*, 20 Am. Jur. 2d *Courts* § 8 (May 2024 update) (collecting cases about courts of record). But Inlow conflates the concept of a court keeping records with whether a court must keep a verbatim or stenographic record of every proceeding before it. And we are not aware of any requirement that a court of

---

[1] The statute was amended in 2009 to provide "a magistrate shall cause the proceedings upon trial to be recorded electronically" if not reported by a certified court reporter. *See* 2009 Acts, ch. 75, § 1.

record keep verbatim records of every hearing or other interaction with the court. In any event, a critique of recording practices does not undermine our conclusion that the small-claims docket falls within the unified trial court, which is a court of record by statute. Iowa Code § 602.6101 (2022).

Inlow also appears to argue the General Assembly intended small-claims litigation to take place in a "court not of record." But there is no language in the Code supporting that intention. And it would be strange to discern legislative intent that the small-claims docket not be part of the unified trial court when both were established in the Unified Trial Court Act. *See* 1972 Iowa Acts ch. 1124, §§ 60-73.

Inlow next relies on statutory canons asserting that the small-claims chapter is "special" and its provisions trump the "general" grant of authority to the unified trial court. Certainly some special provisions limiting small-claims trials apply to those actions when more-general provisions might conflict. *E.g.*, Iowa Code §§ 631.1(1)(a), (b) (money judgments jurisdiction); .7(1) (no written pleadings without permission); .8(1) (ninety-day dismissal without prejudice). But there is nothing in the small-claims chapter that conflicts with section 602.6101's general "court of record" provision, so there is no special-vs.-general conflict for us to resolve.

Inlow last argues it was improper for Liberty to file a new action on the judgment to enforce it. But our case law has long contemplated this common-law procedure for enforcing unsatisfied debts. *See, e.g.*, *Whitters v. Neal*, 603 N.W.2d 622, 624 (Iowa 1999); *Chader v. Wilkins*, 284 N.W. 183, 186 (Iowa 1939); *Weiser v. McDowell*, 61 N.W. 1094, 1095 (Iowa 1895); *see also Freeze v. Elsbury*, No. 06-1037, 2007 WL 2010865, at *1 (Iowa Ct. App. July 12, 2007) (finding a new

lawsuit to enforce the debt, rather than an application on the old lawsuit, was necessary to enforce a judgment). And Inlow cites no authority suggesting these cases have been abrogated by statute or otherwise. Last, while Inlow points to approaches taken in other jurisdictions, other states doing things differently does not establish reversible error.

We conclude the small-claims docket, like all other realms in which Iowa judicial officers exercise authority at trial, is part of the unified trial court and is a "court of record." We affirm application of section 614.1(6)'s twenty-year limitations period to enforce judgment on the facts of this case.

**AFFIRMED.**